UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALDIN WINSLOWET-ALPS,

              Plaintiff,

            -against-

ESTATE ELISE W. HARRIS; STEVEN KANDEL FIDUCIARY; ANNE AMMAN-VARGUS; UNITED STATES DISTRICT JUDGE; MARTIN B. BURKE,

              Defendants.

20-CV-5358 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

Plaintiff, appearing *pro se*, brings this action seeking immediate disbursement to him of funds from a trust established by his mother's will. For the reasons set forth in this order, the Court dismisses the action for lack of subject matter jurisdiction.

**STANDARD OF REVIEW**

The Court has the authority to dismiss a complaint, even when the plaintiff has paid the filing fee, if it determines that the action is frivolous, *Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (*per curiam*) (citing *Pillay v. INS*, 45 F.3d 14, 16-17 (2d Cir. 1995) (*per curiam*) (holding that Court of Appeals has inherent authority to dismiss frivolous appeal)), or that the Court lacks subject matter jurisdiction, *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). The Court is obliged, however, to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

Plaintiff Aldin Winslowet-Alps attaches to this complaint a copy of a document dated July 1, 1999, labeled "Last Will and Testament of Elise W. Harris." (Compl. at 6.) The will states that Harris was a resident of Westchester County, New York. (*Id.*) It provides for certain sums to be distributed to Harris's daughter, Anne Ammann, and directs that other sums be held in a trust administered for the benefit of Plaintiff. The will directs that accountant Steven Kandel be appointed trustee of that trust. (*Id.* at 17.)

Plaintiff brings this suit against Steven Kandel, Anne Ammann, the Estate of Elise W. Harris, and Martin B. Burke, who is described as a "fiduciary." Plaintiff asserts the following:

> It's my money. I want it. Oral surgeon says, "The will as it stands is unfair. The fair thing would be for you to have all the money to do with as you please. There is enough for that. . . ."
>
> My share is $500,000. . . Having 2 fiduciar[ies] violates my civil rights, political and religious.

(*Id.* at 3.) Plaintiff has previously filed similar suits against many of the same defendants, in this and other districts. *See, e.g., Winslowet-Alps v. Kandel*, No. 09-CV-4871 (KMW) (S.D.N.Y. May 26, 2009) (dismissing claims regarding distributions from estate for lack of subject matter jurisdiction), *appeal dismissed*, 09-2633-cv (2d Cir. Aug. 25, 2009) ("[A]ppeal is DISMISSED because it lacks an arguable basis in law or fact. *See* 28 U.S.C. 1915(e); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)"); *Winslowet-Alps v. Kandel*, No. 16-CV-3043 (LAP) (S.D.N.Y. Apr. 28, 2016) (dismissing complaint as incoherent and frivolous).

## DISCUSSION

The subject matter jurisdiction of the federal district courts is limited. Federal jurisdiction is generally available only when a "federal question" is presented, 28 U.S.C. § 1331, or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds

2

$75,000, 28 U.S.C. § 1332. "[A]ny party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction." *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative . . . ."). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)).

To determine whether a case arises under federal law, the court must analyze "whether—on its face—the complaint is drawn so as to seek recovery under federal law or the Constitution." *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1189 (2d Cir. 1996). "[I]f it should appear that the plaintiff was not really relying upon [a federal statute] for his alleged rights, . . . the suit would not really and substantially involve a controversy within the jurisdiction of the court." *Id*. at 1188 (quoting *Fair v. Kohler Die and Specialty Co.*, 228 U.S. 22, 25 (1913)). Plaintiff's claims regarding the administration of his mother's estate arise under state law, not federal law. Plaintiff's allegation that it violates his civil rights to have a trustee exercise discretion over the distribution of his benefits does not rely on any federal statute for relief.

Although Plaintiff's complaint is not entirely clear, Plaintiff does seem to list "United States District Judge" as a defendant, in the caption of the complaint. But Plaintiff does not

3

mention this defendant in the body of the complaint or plead any facts about a claim against a federal district judge.[1] This is insufficient to create federal subject matter jurisdiction. *See Perry v. Merit Sys. Prot. Bd.*, 137 S. Ct. 1975, 1984 (2017) ("To invoke federal-question jurisdiction, allegations in a complaint must simply be more than 'insubstantial or frivolous'").

Plaintiff also does not allege facts demonstrating that the Court has diversity jurisdiction over this action. To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006).

Plaintiff does not plead facts about where any defendant is domiciled, but he lists addresses for himself and one of the defendants in Connecticut. Plaintiff thus fails to plead facts establishing diversity of citizenship, both because it appears that he and at least one defendant are citizens of the same state, and because he fails to plead facts about the citizenship of other defendants.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011). Moreover, a district court generally should allow a plaintiff "to drop dispensable nondiverse defendants whose presence would defeat diversity of citizenship." *Jaser v. New York Prop. Ins. Underwriting*

---

[1] If Plaintiff were suing a judge based on the judge's judicial acts, the judge would be immune from suit. *See, e.g.*, *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities).

*Ass'n*, 815 F.2d 240, 243 (2d Cir. 1987). Granting leave to amend is not required, however, where it would be futile. *Hill*, 657 F.3d at 124.

Federal courts lack jurisdiction to "administer an estate, probate a will, or do any other purely probate matter." *Marshall v. Marshall*, 547 U.S. 293, 312 (2006); *Lefkowitz v. Bank of N.Y.*, 528 F.3d 102, 107 (2d Cir. 2007) ("[A] federal court may neither 'dispose of property that is in the custody of a state probate court,' nor take over the administration of estate assets pending in probate courts . . . ."). "[C]laims for disgorgement of assets held by the estate and specific performance of court orders regarding the estate distributions, f[a]ll within the probate exception." *Marcus v. Quattrocchi*, 715 F. Supp. 2d 524, 532 (S.D.N.Y. 2010).

Plaintiff seeks to compel the trustee to disgorge trust assets to him and asks this Court to exercise jurisdiction over the administration of his trust. It therefore appear that the probate exception to diversity jurisdiction, limited though it is, would bar Plaintiff's claims from proceeding in federal court even if he could plead facts showing diversity of citizenship. The Court therefore dismisses the complaint for lack of subject matter jurisdiction. The Court declines to grant Plaintiff leave to amend his complaint to replead his claims because it would be futile to do so.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff's complaint is dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

Dated:   August 13, 2020
         New York, New York

*Louis L. Stanton*
Louis L. Stanton
U.S.D.J.